**SO ORDERED.**

**SIGNED this 09 day of September, 2010.**



_____
Dale L. Somers
**UNITED STATES BANKRUPTCY JUDGE**

_____

Designated for on-line use; not for print publication
# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In Re:** <br><br> **SHELIA MARIE LINDQUIST,** <br><br> DEBTOR. | **CASE NO. 08-22324** <br> **CHAPTER 13** |
| **SHELIA MARIE LINDQUIST and DAVID EDWARD LINDQUIST,** <br><br> PLAINTIFFS, <br><br> v. <br><br> **WELLS FARGO BANK, NA,** <br><br> DEFENDANT. | **ADV. NO. 08-6133** |

## MEMORANDUM OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

In this adversary case, Debtor Shelia Marie Lindquist and her non-debtor spouse,

David Edward Lindquist, allege that violations of the Truth in Lending Act, 15 U.S.C.

§§ 1601- 1666j (hereafter "TILA")[1] occurred in connection with their home mortgage loan, entitling them to rescind the transaction and to recover statutory damages and attorney fees and costs. The specific violation alleged is the receipt of an improper number of copies of the Notice of the Right to Cancel (hereafter "NRC") and of the TILA disclosure form (hereafter "TILA Disclosure Statement") at the closing on their September 10, 2007 home loan transaction with Universal Mortgage Corporation. Defendant Wells Fargo Bank, NA, the assignee of Plaintiffs' home mortgage loan, moves for partial summary judgment on the claims for statutory damages and attorney fees and costs. Plaintiffs appear by Kenneth M. Gay, and Defendant appears by Bret R. Kassen of Polsinelli Shughart, P.C. There are no other appearances. The Court has jurisdiction.[2]

**UNCONTROVERTED FACTS.**

When moving for partial summary judgment, Wells Fargo set forth the following statements of fact, which Plaintiffs do not controvert. The Court therefore adopts the following facts as uncontroverted for purposes of the motion for partial summary judgment. The Court has made some additions to the facts based upon the schedules Debtor filed in this case.

---

[1] Future citations to the TILA in the text shall be to the section of Title 15 only.

[2] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), (C), and (K). There is no objection to venue or jurisdiction over the parties.

Plaintiffs' claims in this action arise from a loan transaction they entered into on or about September 10, 2007, for which the debt was initially payable to Universal Mortgage Corporation — not Wells Fargo. Wells Fargo subsequently obtained rights to the same mortgage and currently holds the security interest for the property commonly known as 9113 Farley Lane, Overland Park, KS 66212, which Debtor claims as her exempt homestead. On Debtor's schedules, the property is valued at $200,000, subject to the Wells Fargo secured claim of $174,300.74. With respect to the loan transaction at issue, Wells Fargo is not a "creditor" as that term is defined in the TILA.[3]

When Wells Fargo acquired rights to the loan at issue, it obtained a copy of a loan file containing various documents, including an NRC and a TILA Disclosure Statement. The content of the disclosures received by Plaintiffs in connection with the loan transaction at issue did not violate either the TILA (§ 1601, *et seq.*) or Regulation Z (12 C.F.R. § 226). The NRC in Wells Fargo's loan file contains Plaintiffs' signed acknowledgments that each received two copies of the NRC and one copy of the TILA Disclosure Statement. The TILA Disclosure Statement in Wells Fargo's loan file contains Plaintiffs' signatures, but does not refer to the number of any forms that were provided to Plaintiffs. Nowhere on the face of the NRC, the TILA Disclosure Statement, or any other document in Wells Fargo's loan file does it appear that Plaintiffs were not provided with the required number of copies of the NRC or the TILA Disclosure

---

[3] In response to Wells Fargo's request that they admit this fact, Plaintiffs admitted it without waiving their objection that the request called for a legal conclusion. However, Fed. R. Civ. P. 36(a)(1)(A) permits requests for admission relating to the application of law to fact.

Statement. When Wells Fargo acquired rights to the loan at issue, it had no knowledge that Plaintiffs may not have received the required number of copies of the NRC or the TILA Disclosure Statement.

**POSITIONS OF THE PARTIES.**

Plaintiffs allege, and Wells Fargo agrees, that the September 10, 2007 loan transaction is covered by the TILA, and that the TILA, and Regulation Z implementing the TILA, required Universal Mortgage Corporation to deliver two copies of the NRC and one copy of the TILA Disclosure Statement to *each* of the Plaintiffs. Plaintiffs allege that they received only one copy of the NRC and one copy of the TILA Disclosure Statement, which, pursuant to TILA § 1635, extended their right to rescind the transaction from three days to three years. On or about September 18, 2008, two days after Debtor filed for relief under Chapter 13, Plaintiffs notified Wells Fargo that they were exercising their right to rescind the mortgage. Wells Fargo failed to grant the relief to which Plaintiffs assert they are entitled under the TILA, and the Complaint in this adversary action was filed on November 18, 2008. As stated in the Pretrial Order, Plaintiffs seek the following relief: (1) A declaration that Plaintiffs validly rescinded the transaction; (2) a declaration that the security interest in Plaintiffs' principal dwelling is void and unenforceable, and an order directing release of the same; (3) a declaration that Wells Fargo has no allowed secured claim in this bankruptcy; (4) $2,000 in statutory damages for failure to provide material disclosures, pursuant to TILA § 1640(a)(2)(A)(ii); (5) $2,000 in statutory damages for Wells Fargo's failure to rescind pursuant to TILA § 1640(a)(3)(A)(iii), and

4

reasonable attorney fees and costs pursuant to TILA § 1640(a)(3); and (6) a determination of the proper procedures for rescission of the mortgage.[4]

Wells Fargo moves for summary judgment on the claims for statutory damages and attorney fees, but not on the claim of the right to rescind or the terms of rescission. Wells Fargo argues that, even if only one copy of the NRC and one copy of the TILA Disclosure Statement were provided, under the TILA, it has no liability for statutory damages or attorney fees because it is an assignee, not the party that originated the loan. Plaintiffs oppose the motion.

**SUMMARY JUDGMENT STANDARD**

The standard for summary judgment under Federal Rule of Bankruptcy Procedure 7056, incorporating Federal Rule of Civil Procedure 56, is well established. Summary judgment is appropriate if the moving party shows that there is no genuine dispute about any material fact standing in the way of a judgment as a matter of law to which it is entitled.[5] Only disputes over facts that, under the governing law, would affect the outcome of the lawsuit will prevent summary judgment.[6]

**ANALYSIS AND CONCLUSIONS O F LAW.**

    **A. The TILA.**

A purpose of the TILA is "to assure a meaningful disclosure of credit terms so that

---

[4] Doc. 45, p. 17-18.

[5] Fed. R. Civ. P. 56(c)(2), made applicable by Fed. R. Bankr. P. 7056.

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

5

Case 08-06133   Doc# 52   Filed 09/09/10   Page 5 of 14

the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit."[7] To accomplish this purpose, generally the TILA requires disclosure of credit terms in a form that is understandable to the consumer. Remedies for violations include actual and statutory damages. In addition, when the transaction, other than for the purchase of the home, involves taking of the consumer's principle dwelling as collateral, the TILA grants the consumer a right to rescind the transaction.[8] It is an absolute right for three days, "but it may last for up to three years, if the homeowner does not sell the home and if important TIL disclosures were not provided correctly at the time of the original credit transaction."[9] There are two categories of trigger events which extend the time to rescind: (1) Failure to provide *each* consumer with an interest in the property with one copy of the TILA disclosure form with all material information correctly disclosed; and (2) failure to give *each* consumer *two* copies of the notice of the right to cancel, one copy to keep and one to use if the option to rescind is exercised.[10]

When a lender has violated TILA provisions, courts impose strict liability regardless of the nature of the violation or the creditor's intent.[11] A court has no

---

[7] 15 U.S.C. § 1601(a).

[8] 15 U.S.C. § 1635(a).

[9] Elizabeth Renuart and Kathleen Keest, *Truth in Lending* § 6.1 (Nat'l Consumer Law Center 6th Ed. 2007) (hereafter *Truth in Lending*), citing 15 U.S.C. §§ 1635(c) and (f).

[10] *Id.* at § 6.4.3.2, citing 15 U.S.C. § 1635(a) and 12 C.F.R. §§ 226.5(b), 226.15(b), and 226.23(b).

[11] *Cooper v. First Gov't Mortgage and Investors Corp.*, 238 F. Supp.2d 50, 63 (D.D.C. 2002).

discretion to decline rescission because of the equities of the case.  In an action against the original creditor, a consumer may recover statutory damages for a disclosure violation and for a failure to adhere to the procedures and standards for rescinding the transaction, without a showing of actual damage.[12]  Costs and attorney fees are recoverable in such rescission cases against the original lender.[13]

**B.  Statutory damages for failure to provide the correct number of copies of the NRC and TILA Disclosure Statement cannot be recovered from assignee Wells Fargo.**

In this case, Plaintiffs contend they are entitled under § 1640(a)(2)(iii)[14] to recover up to $2,000 in statutory damages for failure to provide each Plaintiff the required forms

---

[12] *Truth in Lending* at § 8.6.5.8, citing 15 U.S.C. § 1640(a) and (a)(3).

[13] 15 U.S.C. § 1640(a)(3).

[14] 15 U.S.C. § 1640(a), before its amendment effective July 30, 2008, provided:

**(a) Individual or class action for damages; amount of award; factors determining amount of award**

Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, subsection (f) or (g) of section 1641 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of —

**(1)** any actual damage sustained by such person as a result of the failure;

**(2)(A)** . . . (iii) in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $200 or greater than $2,000; or
. . . .
**(3)** in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 or 1638(e)(7) of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court.

7

(one copy of the TILA Disclosure Statement and two copies of the NRC). When moving for partial summary judgment, Wells Fargo contends that as assignee of the initial lender, Universal Mortgage, it has no liability for statutory damages for this alleged noncompliance. Wells Fargo relies upon § 1641, addressing liability of assignees, which provides in relevant part:

**(a) Prerequisites**

*Except as otherwise specifically provided in this subchapter, any civil action for a violation of this subchapter or proceeding under section 1607 of this title which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment was involuntary. For the purpose of this section, a violation apparent on the face of the disclosure statement includes, but is not limited to (1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned, or (2) a disclosure which does not use the terms required to be used by this subchapter.*[15]

Wells Fargo argues that it has no liability for statutory damages for failure to provide the correct number of copies because the signed TILA Disclosure Statement and the NRC contained within the Wells Fargo loan file do not reveal an "apparent" violation as to the number of copies of each form provided to Plaintiffs at the closing. The Court finds that the alleged violation regarding the number of copies of the forms delivered at closing was not apparent on the face of the file. Plaintiffs agree that Wells Fargo as assignee had no knowledge of the alleged violation. Therefore, pursuant to § 1641, Wells Fargo, as assignee, has no liability for statutory damages for the alleged failure to provide the

---

[15] 15 U.S.C. § 1641(a) (emphasis supplied).

correct number of copies of the TILA Disclosure Statement and the NRC.

**C. Statutory damages and statutory attorney fees for alleged improper response to Plaintiffs' attempted rescission cannot be recovered from Wells Fargo under the authority of § 1640(a).**

Plaintiffs also seek under § 1640(a)(2)(A)(iii) to recover statutory damages and attorney fees for Wells Fargo's allegedly inadequate response to the September 18, 2008 notice of rescission sent to Wells Fargo. When moving for partial summary judgment, Wells Fargo relies upon the assignee defense of § 1641, which the Court has found applies to the claim for statutory damages for the alleged failure to provide the requisite number of copies of the TILA Disclosure Statement and the NRC. Wells Fargo asserts that it is not apparent from the face of the file that Plaintiffs' right to rescind did not expire for three years because, under § 1641(b),[16] the signed acknowledgments provided "conclusive proof" that the grounds for rescission were lacking. Plaintiffs respond that

---

[16] 15 U.S.C. § 1641(b) provides:

(b) Proof of compliance with statutory provisions

    Except as provided in section 1635(c) of this title, in any action or proceeding by or against any subsequent assignee of the original creditor without knowledge to the contrary by the assignee when he acquires the obligation, written acknowledgement of receipt by a person to whom a statement is required to be given pursuant to this subchapter shall be conclusive proof of the delivery thereof and, except as provided in subsection (a) of this section, of compliance with this part. This section does not affect the rights of the obligor in any action against the original creditor.

15 U.S.C. § 1635(c), referenced in the foregoing, provides:

**(c) Rebuttable presumption of delivery of required disclosures**

    Notwithstanding any rule of evidence, written acknowledgment of receipt of any disclosures required under this subchapter by a person to whom information, forms, and a statement is required to be given pursuant to this section does no more than create a rebuttable presumption of delivery thereof.

9

since subsection (c) of § 1641[17] provides that a consumer's right to rescind is not affected by assignment, subsections (a) and (b) of § 1641 should not be construed to preclude statutory damages under the circumstances presented.

Courts are divided on this issue. Wells Fargo cites *Brodo*,[18] a 1994 decision from Pennsylvania. In *Brodo*, the court granted summary judgment in favor of an assignee and against a consumer who claimed a statutory penalty and award of costs and attorney fees under the TILA based upon the assignee's failure to respond to the borrower's notice of rescission. No TILA violation was apparent on the face of the disclosures given by the lender. The court reasoned that even though "§ 1641 provides that the right to rescind exists even against a creditor's assignees, § 1640(a) permits only a 'creditor' [not an assignee] to be held liable for a monetary penalty or an award of attorney fees for a TILA violation."[19] Since neither § 1641 nor any other section of the TILA provides for a statutory penalty or fee award for failure to respond to a valid rescission notice, rescission was found to be the only remedy against the assignee to which the consumer was entitled.

---

[17] 15 U.S.C. § 1641(c) provides:

**(c) Right of rescission by consumer unaffected**

Any consumer who has the right to rescind a transaction under section 1635 of this title may rescind the transaction as against any assignee of the obligation.

[18] *Brodo v. Bankers Trust Co.*, 847 F. Supp. 353 (E.D. Pa. 1994).

[19] *Id.*, at 359.

Many courts have reached the same conclusion as *Brodo*.[20] One court has stated:

> This court agrees . . . that an assignee cannot be subject to damages for failing to comply with a notice to rescind issued under § 1635 when the underlying basis for the rescission is a disclosure violation not apparent on the face of the disclosure statement. Section 1641(a) specifically limits assignee liability to violations apparent on the face of the disclosure statement. To suggest that an assignee can be directly liable for damages for failing to comply with a demand for rescission that was based on a violation not apparent on the face of the document is . . . simply an end run around § 1641(a). An assignee (or the original creditor for that matter) is not automatically liable for a simple failure to comply with the rescission demand. Rescission is not automatic if the lender disputes the borrower's claim that rescission is warranted.[21]

Plaintiffs rely upon *Fairbanks Capital*,[22] a 2002 decision from Illinois which disagrees with *Brodo*. It enumerates four reasons for its position that a consumer who successfully rescinds a transaction against an assignee is entitled to a statutory penalty and attorney fees under § 1640 for failure to initiate rescission procedures upon receipt of the notice of rescission. First, the court reasoned that Congress intended for § 1640(a)'s remedies to apply to a creditor or assignee because if this were not the case there would have been no reason for Congress to include in § 1640(b) and (c) defenses to liability applicable to creditors and assignees. Second, the court found that § 1640(a) itself indicated that attorney fees, at least, are available from an assignee for violating the right

---

[20] *E.g., Briggs v. Provident Bank*, 349 F. Supp. 2d. 1124, 1131 (N.D. Ill. 2004); *Dougal v. Saxon Mortgage (In re Dougal)*, 395 B.R. 880, 891 (Bankr. W.D. Pa. 2008).

[21] *Bills v. BNC Mortgage, Inc.*, 502 F. Supp. 2d 773, 776 (N.D. Ill. 2007).

[22] *Fairbanks Capital Corp. v. Jenkins*, 225 F.Supp. 2d 910 (N.D. Ill. 2002).

11

to rescind because subsection (a)(3) provides: "'[I]n the case of any successful action to enforce the foregoing liability or in an action in which a person is determined to have a right of rescission under section 1635 of this section, the costs of the action, together with a reasonable attorney's fee as determined by the court' is available."[23] Third, § 1641(c) specifically allows rescission against any assignee, not just against the limited set of assignees described in § 1641(a) and (e)(1). Fourth, the court found to hold that attorney fees are not recoverable "would undermine the policies underlying the TILA and its private enforcement mechanism."[24]

This Court finds the analysis of *Brodo* and similar cases persuasive and declines to follow *Fairbanks*. First, it appears that the *Fairbanks* court rejected the assignee's contention that the TILA violation was not apparent on the face of the transaction documents.[25] Therefore, unlike this case, the assignee was not protected by § 1641. Second, this Court is not persuaded by the reasoning of the *Fairbanks* court. As to the *Fairbanks* court's first argument, § 1640(a) provides for the recovery of statutory damages and attorney fees from a "creditor who fails to comply" with Part B of the TILA, §§ 1631 through 1665e, including § 1635, rescission. "Creditor" is defined by § 1602(f) in part as the "person to whom the debt arising from the consumer transaction is initially payable on the face of the evidence of indebtedness." In this case, the evidence

---

[23] *Id*. at 917 (emphasis omitted, quoting 15 U.S.C. § 1640(a)(3)).

[24] *Id*. at 917.

[25] *Id*. at 915.

12

conclusively establishes that Wells Fargo is not a "creditor" as defined by the TILA. As noted above, § 1641(a) provides that a civil action for violation of "this subchapter" (§§ 1601 through 1667f) may be maintained against an assignee only if the violation is apparent on the face of the disclosure statement, unless the assignment was involuntary. The plain reading of these statutes is that the remedies of § 1640(a) do not apply to assignees in the position of Wells Fargo. This Court finds that the *Fairbanks* court's construction of § 1640(a) is inconsistent with the statutory language. As to the second argument, since not all assignees are protected by § 1641, the references to assignees in § 1640 (b) and (c) do not indicate congressional intent to make assignees protected by § 1641 liable under § 1640(a). Likewise, the right to recover fees in rescission actions stated in § 1640(a)(3) is subject to the introductory phrase of § 1640(a) limiting recovery to "creditors" who fail to comply with the TILA. The *Fairbanks* court's third and fourth arguments are based upon the fact assignee status does not affect a consumer's right to rescind under § 1635. But the existence of this right does not effect an expansion of the remedies of § 1640(a), which are expressly limited to "creditors."

The Court therefore finds that Wells Fargo is not liable under § 1640(a) for a statutory penalty or an award of attorney fees for a successful rescission. Wells Fargo is not a "creditor" for purposes of § 1640(a) and is protected by the assignee defense of § 1641 since the violation of the TILA which is asserted as the basis for rescission was not apparent on the face of the loan file.

**CONCLUSION.**

For the foregoing reasons, the Court grants Wells Fargo's motion for partial summary judgment. Under the uncontroverted facts and applicable law, Wells Fargo has no liability for statutory damages or attorneys fees and costs. Plaintiffs' sole remedy is rescission.

The foregoing constitute Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure which makes Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter. A judgment based upon this ruling will be entered on a separate document as required by Federal Rule of Bankruptcy Procedure 7058 and Federal Rule of Civil Procedure 58(a).

**IT IS SO ORDERED.**

# # #